John **MARTINO**, Plaintiff,

v.

Kennon **MILLER**, Surgeon, Kevin Pranikoff, Surgeon, Christopher Pieczonka, Surgeon, Vijay Kotha, Surgeon, Jane or John Doe, Anesthesiologist, Doctor, Jane or John Doe, Equipment Supervisor, Erie County Medical Center Jane or John Doe, Supervisor, and Jane or John Doe, Pathologist, Defendants.

No. 04–CV–0313S.

United States District Court, W.D. New York.

Oct. 25, 2004.

John H. Martino, Collins, NY, pro se.

## DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, acting *pro se*, has filed a motion for reconsideration (Docket No. 5) of this Court's Decision and Order, filed May 3, 2004, which dismissed plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), because it failed to state a claim upon which relief could be granted. The Court found that plaintiff's allegations, at most, alleged state law malpractice claims against physicians and other medical personnel at Erie County Medical Center, where plaintiff was treated for bladder cancer, and did not and could not state a claim of deliberate indifference under the Eighth Amendment. (Docket No. 3). The Court also found that any amendment of the complaint would be futile because plaintiff's allegations simply stated claims of medical malpractice which are not actionable under the Eighth Amendment.

Plaintiff's motion for reconsideration argues that since the case was assigned to the Hon. William Skretny, another District Judge of this Court, I had no jurisdiction to issue a dismissal in this matter. He also argues that I failed to apply the applicable statutory law to the allegations raised in the complaint. Plaintiff does not cite to any new evidence or change in controlling law to support his motion, *see Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995), and, in effect, all he is asking is for the Court to change its decision and allow him to litigate his claims in this Court. These are insufficient reasons for the Court to reconsider its decision and, accordingly, plaintiff's motion will be denied.

### A. The Court's Authority/Jurisdiction

■ This Court's Local Rules of Civil Procedure, Rule 5.1(c), provide, in pertinent part, that "[a]ll cases filed by a *pro se* plaintiff/petitioner shall be assigned to the same District Judge or Magistrate Judge to whom any case previously filed by the same plaintiff/petitioner had been assigned." Pursuant to this Rule, this matter was assigned to District Judge Skretny. Pursuant to the Court's Amended Plan for the Disposition of Pro Se Cases, adopted and filed October 1, 1996, Section I.D.1., I was the designated "Duty Judge" for the month the Decision and Order that plaintiff seeks to reconsider was issued and, therefore, responsible for handling all initial screening orders, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, that month. Accordingly, any claim that I had no authority or jurisdiction to review plaintiff's complaint simply has no merit.

### B. Reconsideration

■ The Court considers plaintiff's submission to be a motion under Fed.R.Civ.P. 60(b), which provides for relief from a final

judgment, order, or proceeding when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time. As noted above, nothing in plaintiff's motion for reconsideration allows the Court to grant relief from the May 3, 2004 Decision and Order under Fed.R.Civ.P. 60(b); plaintiff does not demonstrate that there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time, nor does he show that his claim should be reopened in the interest of justice. Plaintiff is simply asking the Court to change its mind with no basis to do so; even if this Court were so inclined, this is not a basis to grant a motion for reconsideration. *See, e.g., Shrader*, 70 F.3d at 257 ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). Accordingly, plaintiff's motion (Docket No. 5) for reconsideration is hereby denied.

IT IS SO ORDERED.